IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| JAMES LUCAS SOUTHAM, individually and as the representatives of a class of similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>RED WING SHOE COMPANY, INC.,<br><br>Defendant. | Case No.<br><br>Hon. Judge |

**DEFENDANT RED WING SHOE COMPANY'S
<u>NOTICE OF REMOVAL</u>**

Pursuant to 28 U.S.C. § 1441, et seq., Defendant Red Wing Shoe Company, Inc. ("Red Wing"), by and through its attorneys of record, hereby gives notice of removal of this action from the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida to the United States District Court for the Southern District of Florida.  In support thereof, Red Wing states as follows:

**I.      THE ORIGINAL FEDERAL ACTION**

1.      On May 17, 2019, Plaintiff James Lucas Southam initiated this action in the United States District Court for the Southern District of Florida, Case No. 19-cv-61255 (the "Federal Action").  Plaintiff alleged a single violation of the Fair and Accurate Credit Transactions Act ("FACTA"), 15 U.S.C. § 1681, *et seq.*, stemming from a single receipt provided to Plaintiff on May 2, 2019.  (*See* No. 19-cv-61255, Dkt. 1 ¶ 26.)

2.      The Federal Action was assigned to Judge Rodney Smith on June 17, 2019.  (*See* No. 19-cv-61255, Dkt. 9.)

3.      On June 21, 2019, Red Wing filed an *Unopposed* Motion to Stay Proceedings

Pending the *Muransky v. Godiva* Appeal. (*See* No. 19-cv-61255, Dkt. 10.) Plaintiff *did not oppose* a stay of the Federal Action pending the resolution of the *Muransky* appeal in the Eleventh Circuit. (*See id.*)

4. On June 26, 2019, this Court granted Red Wing's Motion, staying this case "pending final resolution of the *Muransky v. Godiva Chocolatier, Inc.* (No. 16-16486) appeal in the Eleventh Circuit." (*See* No. 19-cv-61255, Dkt. 11.)

5. On October 4, 2019, the Eleventh Circuit vacated the *Muransky* decision and determined to rehear the *Godiva* matter *en banc*. The appeal thus remains pending.

6. The Federal Action remains pending.

## II. THE STATE COURT ACTION

7. On October 28, 2019, Plaintiff initiated this civil action against Red Wing in the Circuit Court for the Seventeenth Judicial Circuit in and for Broward County, Florida (the "State Court Action"). A copy of the Complaint is attached hereto as **Exhibit 1**.

8. The State Court Action is identical to the Federal Action, alleging a single FACTA violation stemming from a single receipt provided to Plaintiff on May 2, 2019. *See* Ex. 1 ¶ 27.

9. The State Court Action appears to be an attempted end-around this Court's June 21, 2019 Order staying this case pending the resolution of the *Muransky* appeal.

10. Because the Federal Action and the State Court Action are identical cases alleging identical violations of FACTA stemming from the same underlying transaction, this matter should be assigned to Judge Smith and likewise stayed pending *Muransky*. This will avoid Plaintiff's attempt to circumvent this Court's Order and avoid the appearance of judge shopping.

11. By removing this matter, Red Wing expressly does not concede or imply that there is subject matter jurisdiction in this case in light of the continuing uncertainty relating to whether

Plaintiff has Article III standing. This is, in fact, the very issue before the *en banc* panel of the Eleventh Circuit in the *Muransky* appeal—whether litigants asserting a technical violation of FACTA, absent any other injury, have Article III standing. *See Muransky*, No. 16-16486 (Order of Oct. 25, 2019, putting forth the standalone issue presented: "Does Dr. Muransky have Article III standing to bring this lawsuit."). And this is exactly why the Federal Action is stayed.

12. Red Wing does not believe that Plaintiff has Article III standing. However, if Red Wing does not timely remove this case, it risks losing the opportunity to do so regardless of the *Muransky* decision, given that more than 30 days will elapse from service. *See* 28 U.S.C. § 1446(b).[1] The Eleventh Circuit will finally decide the standing issue in short order. Upon removal, Red Wing respectfully requests that this Court stay this matter pending *Muransky* such that the Parties and this Court can adequately determine whether Article III standing exists in this case.

13. It bears noting, however, that Plaintiff already put forth to this Court that he believes Article III standing exists, filing the Federal Action in federal court and contending in the Complaint that he suffered "multiple concrete harms." (*See* No. 19-cv-61255, Dkt. 1 ¶ 3 n.1.)

### III.   REMOVAL PURSUANT TO 28 U.S.C. § 1331

14. Pursuant to 28 U.S.C. § 1446(a), copy of all process, pleadings, and orders that have been filed and served in the State Court Action are attached hereto as **Exhibits 1 and 2**.

15. The Summons and Complaint were served on Red Wing on December 16, 2019. (*See* **Exhibit 3**.) This Notice of Removal is therefore timely filed pursuant to 28 U.S.C. § 1446(b)(1).

---

1    Though the *Muransky* Court initially found standing, that opinion has been withdrawn by virtue of the Eleventh Circuit granting the petition for hearing *en banc*. *See Muransky v. Godiva Chocolatier, Inc.*, 922 F.3d 1175, 1180 (11th Cir.), *reh'g en banc granted, opinion vacated*, 939 F.3d 1278 (11th Cir. 2019). Red Wing thus cannot rely on this decision for purposes of removal.

16. Pursuant to 28 U.S.C. § 1446(d), Red Wing will file a copy of this Notice of Removal with the Circuit Court for the Seventeenth Judicial Circuit in and for Broward County, Florida. Red Wing will also serve Plaintiff with a copy of this Notice of Removal, a true and correct copy of which is attached hereto as **Exhibit 4**.

17. Pursuant to 28 U.S.C. § 89(c), venue for this case is proper in the Southern District of Florida.

18. Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

19. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 because it involves a federal question. *See* 28 U.S.C. § 1331 (providing that district courts shall have original jurisdiction over all civil actions arising under the "Constitution, laws, or treaties of the United States").

20. Here, this Court has jurisdiction over the State Court Action because the only Count in the Complaint alleges a cause of action under the FACTA, a federal statute.

21. Pursuant to 28 U.S.C. § 1446(b)(2)(A), all Defendants consent to the removal of this civil action to this Court.

22. Pursuant to 28 U.S.C. § 1441 and 1446, removal of the State Court Action to this Court is appropriate.

WHEREFORE, Defendant Red Wing Shoe Company, Inc. hereby removes this civil action to this Court.

**DATED:** January 6, 2020	Respectfully submitted

/s/ *Jordan S. Kosches*


David S. Almeida, Esq. (*pro hac vice to be filed*)
dalmeida@beneschlaw.com
**BENESCH, FRIEDLANDER,
COPLAN & ARONOFF LLP**
333 West Wacker Drive, Suite 1900
Chicago, Illinois  60606
Telephone:  (312) 212-4949
Facsimile:  (312) 767-9192

Jordan S. Kosches, Esq.
jordan.kosches@gray-robinson.com
**GRAYROBINSON, P.A.**
333 SE 2nd Avenue, Suite 3200
Miami, Florida 33131
Telephone: (305) 416-6880
Facsimile: (305) 416-6997
Florida Bar No.: 49881

*Counsel for Red Wing Shoe Company, Inc.*

## CERTIFICATE OF SERVICE

I certify that a copy of the Notice of Removal, was served via electronic mail and U.S. First Class mail, postage prepaid, on January 6, 2020, upon all counsel of record at the following address:

Scott D. Owens, Esq.
Scott D. Owens, P.A.
3800 S. Ocean Dr., Suite 235
Hollywood, Florida 33019
scott@scottdowens.com

Bret L. Lusskin, Esq.
Bret Lusskin, P.A.
20803 Biscayne Blvd., Suite 302
Aventura, Florida 33180
blusskin@lusskinlaw.com

Keith J. Keogh, Esq.
Keogh Law, Ltd.
55 W. Monroe St., Suite 3390
Chicago, Illinois 60603
keith@keoghlaw.com

/s/ _Jordan S. Kosches_____